# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER, | Case No. 1:06cv1615 LJO DLB |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| EASTERN DISTRICT FRESNO, CLERK OF COURT JACK L. WAGNER, VICTORIA C. MINOR, INTERNAL AFFAIRS, | (Document 1) |
| Defendants. | |

Plaintiff Willie Weaver ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 13, 2006, but has not paid the $350.00 filing fee.[1]

Plaintiff has filed at least one-hundred forty-five actions in this district, the vast majority of which were filed in 2006, and on November 17, 2006, in case number 1:06-cv-01343-AWI-WMW P, Magistrate Judge William Wunderlich issued an order to show cause why plaintiff should not be declared a vexatious litigant and subjected to a pre-filing review order. Recently,

---

[1] Absent a showing of imminent danger of serious physical injury, plaintiff is ineligible to proceed in forma pauperis in this action because he has had at least three previous actions dismissed for failure to state a claim, frivolousness, or maliciousness. 28 U.S.C. § 1915(g). The Court takes judicial notice of case numbers 1:06-CV-00671-OWW-SMS-P Weaver v. California Correctional Institution Confinement SHU (dismissed July 17, 2006, for failure to state a claim and frivolousness); 1:06-CV-00775-OWW-LJO-P Weaver v. California Correctional Institution - Third Watch Sergeant (dismissed July 17, 2006, for failure to state a claim and frivolousness); and 1:06-CV-00863-OWW-SMS-P Weaver v. California Correctional Institution Law Library (dismissed August 1, 2006, for failure to state a claim and frivolousness).

1

1  the court has dismissed numerous cases based on plaintiff's concession in his complaint that
2  exhaustion of his claim had not yet occurred.  See e.g., 1:06-cv-01066-AWI-SMS P; 1:06-cv-
3  01102-AWI-SMS P; 1:06-cv-01198-AWI-SMS P; 1:06-cv-01204-OWW-SMS P 1:06-cv-01206-
4  AWI-SMS P.

5    In this case, plaintiff names "Internal Affairs" and Jack L. Wagner and Victoria C. Minor,
6  Clerks of Court, as defendants.  He appears to allege violations of the First, Eighth, Ninth,
7  Eleventh and Fourteenth Amendments.  Plaintiff alleges that he has sent numerous filings to the
8  Court, but instead of filing the documents, the Court has returned them to him.  As a result, he
9  contends that his "cases are being thrown out of court."  He requests $50,000 for "conspiracy
10 violations" and $50,000 as punitive damages.  Complaint, at 3.

11   Plaintiff's allegations are insufficient to state a claim for relief under section 1983 for
12 denial of access to the courts, Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis v. Casey,
13 518 U.S. 343, 351 (1996), for imposition of cruel and unusual punishment, Hudson v.
14 McMillian, 503 U.S. 1, 8-9 (1992); Rhodes v. Chapman, 452 U.S. 337, 347 (1981), or for any
15 other constitutional violation.  Plaintiff is abusing the process and wasting this Court's resources
16 by filing frivolous civil rights actions.

17   Moreover, Court clerks have absolute quasi-judicial immunity from damages for civil
18 rights violations when they perform tasks that are an integral part of the judicial process.  Mullis
19 v. United States Bankruptcy Court, 828 F.2d 1385 (9th Cir. 1987); Morrison v. Jones, 607 F.2d
20 1269, 1273 (9th Cir. 1979), cert. denied, 445 U.S. 962 (1980).

21   Accordingly, this action is DISMISSED, with prejudice, based on plaintiff's failure to
22 state a claim upon which relief may be granted.

23

24 IT IS SO ORDERED.

25 **Dated:   March 1, 2007**                        **/s/ Lawrence J. O'Neill**
   b9ed48                                   UNITED STATES DISTRICT JUDGE